IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02206-BNB

MONTGOMERY CARL AKERS,

Applicant,

v.

R. WILEY, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 19 2007

GREGORY C. LANGHAM
CLERK

___

ORDER OF DISMISSAL

___

Applicant Montgomery Carl Akers is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Akers has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the conditions of his confinement. On November 19, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Akers to show cause why this action should not be dismissed for failure to comply with an order restricting his ability to file *pro se* actions in this Court. On December 5, 2007, Mr. Akers filed his response to the show cause order.

The Court must construe the application and the response to the show cause order liberally because Mr. Akers is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Akers is subject to a sanction order that restricts his ability to file *pro se* actions in this Court. *See Akers v. Sandoval*, No. 94-B-2445 (D. Colo. June 20, 1995), *aff'd*, 100 F.3d 967 (10th Cir. 1996). In 94-B-2445, Mr. Akers was

> enjoined and prohibited from initiating any civil action in the
> United States District Court for the District of Colorado
> without representation by an attorney licensed to practice in
> the State of Colorado or duly admitted to practice in the
> United States District Court for the District of Colorado
> unless he first obtains leave of court to proceed pro se.

*Id.* at 3. As Magistrate Judge Boland correctly noted in his order directing Mr. Akers to show cause why this action should not be dismissed, Mr. Akers is not represented by an attorney in this action and he did not obtain leave of court to proceed *pro se* prior to filing this action.

Mr. Akers raises a number of arguments in his response to Magistrate Judge Boland's show cause order. Mr. Akers first asserts that the Court is discriminating against him, apparently because he believes that the Court did not just recently become aware of the sanction order. This argument is not relevant to the issue of whether Mr. Akers has complied with the sanction order. Mr. Akers is required to comply with the sanction order if he wishes to proceed *pro se* in this Court regardless of whether the Court is aware of the sanction order.

Mr. Akers next argues that he was not served with or made aware of the order entered in 94-B-2445 restricting his future filings in this Court. The Court rejects this argument because Mr. Akers obviously was aware of the order restricting his future filings when he challenged the sanction order in his appeal from the dismissal of 94-B-2445. *See id.*

Mr. Akers next argues that the instant action is not a civil action for the purposes of the Prison Litigation Reform Act (PLRA). This argument is not relevant because the sanction order in 94-B-2445 was not imposed pursuant to the PLRA and is not related in any way to the PLRA. Mr. Akers is not being denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Instead, he is prohibited from proceeding *pro se* without permission.

In any event, although Mr. Akers has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the claims he is asserting are not habeas corpus claims because he is challenging the conditions of his confinement rather than the execution of his sentence. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, if the PLRA were an issue in this action, the pleading Mr. Akers has filed would qualify as a civil action under the PLRA.

Mr. Akers next asserts that, if the Court determines this action is a civil action for the purposes of the PLRA, he must be given an opportunity to correct a deficient pleading. This argument is not relevant to the issue of whether Mr. Akers has complied with the sanction order in 94-B-2445.

The next argument Mr. Akers asserts is that the instant action is the functional equivalent of a continuation of his criminal case in the United States District Court for the District of Kansas. Mr. Akers apparently contends that the sanction order in 94-B-2445 should not apply to any claims challenging the validity of his criminal conviction or the execution of his sentence. This argument lacks merit because, as noted above, Mr. Akers is not asserting any claims challenging the validity of his conviction or the execution of his sentence. The claims he raises in this action challenge the conditions

3

of his confinement. The fact that Mr. Akers is confined as the result of a criminal conviction does not transform his claims challenging the conditions of his confinement into claims challenging the validity of his confinement.

Mr. Akers next argues that he could not have been sanctioned in 94-B-2445 pursuant to 28 U.S.C. § 1915(g) because he was not a prisoner when he filed that action. Again, because the sanction order is unrelated to § 1915(g) or any other provision of the PLRA, this argument lacks merit.

Finally, Mr. Akers argues that his claims in 94-B-2445 did not lack merit. This argument also is not relevant to the sanction order imposed in 94-B-2445 and upheld on appeal.

Therefore, the Court finds that the instant action must be dismissed because Mr. Akers has failed to comply with the sanction order imposed in 94-B-2445 that restricts his ability to file *pro se* actions in this Court. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to comply with the sanction order entered in 94-B-2445.

DATED at Denver, Colorado, this 18 day of December, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02206-BNB

Montgomery C. Akers
Reg. No. 02866-081
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/19/07

                                    GREGORY C. LANGHAM, CLERK

                              By: _____
                                          Deputy Clerk